# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRACY DEROCK                                    )
                                                )
               Appellant,                 )
                                                )
    v.                                        )    C.A. No. N22A-05-008 CEB
                                                )
UNEMPLOYMENT INSURANCE                          )
APPEAL BOARD,                                   )
                                                )
               Appellee.                  )

Submitted: March 3, 2023
Decided: May 18, 2023

## MEMORANDUM OPINION

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

Tracy DeRock, *pro se*. Appellant.

Daniel C. Mulveny, Esquire, Deputy Attorney General, Wilmington, Delaware. *Attorney for Appellee Delaware Unemployment Insurance Appeal Board.*

Victoria W. Counihan, Esquire, Deputy Attorney General, Wilmington, Delaware. *Attorney for Appellee Delaware Division of Unemployment Insurance.*

**BUTLER, R.J.**

This is an appeal from a decision of the Unemployment Insurance Appeal Board ("Board") denying Appellant Tracy DeRock's ("DeRock") petition for eligibility. After considering DeRock's Opening Brief,[1] the Board's letter in lieu of answering brief,[2] the Delaware Division of Unemployment Insurance's ("Division") letter in lieu of answering brief,[3] DeRock's Reply Brief,[4] and the record, the Court concludes the Board's decision must be **AFFIRMED.**

## BACKGROUND

### I. The Determination

DeRock was employed by Dollar Tree Stores Inc. as an assistant store manager.[5] She stopped working for Dollar Tree in December 2019 for medical reasons and was out on short term disability.[6] After the short term disability ran out, DeRock requested "two or three more weeks" without pay until the end of March 2020.[7] Then came the onset of the COVID-19 Pandemic. DeRock's primary care doctor stated that given the preexisting medical condition for which she originally stopped working, he felt it was now too dangerous for her to work until she was

---

[1] Appellant's Opening Br., D.I. 12. [hereinafter "Appellant's Opening Br."].
[2] Board's Ans., D.I. 14.
[3] Division's Ans., D.I. 15. Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.
[4] Appellant's Reply Br., D.I. 16 [hereinafter "Appellant's Reply Br."].
[5] Notice of Board Decision, R. 26.
[6] *Id.*
[7] *See* Board Hr'g Tr., R. 37 at 6:6–12.

2

vaccinated.[8] DeRock asked Dollar Tree for a job where she would not interact with customers.[9] Dollar Tree told her that was not possible.[10] So on April 5, 2020, DeRock filed for unemployment insurance benefits.[11]

DeRock received benefits until December 23, 2021, when she was mailed a Notice of Determination.[12] The Determination held DeRock was ineligible for unemployment benefits, effective with or for the week ending April 11, 2020—the week she began receiving benefits—because she was not "able to work and . . . available for work" as required by 19 *Del. C.* § 3315(3).[13] Overpayment was to be established based on this decision.[14]

## II. The Referee's Decision

On January 4, 2022, DeRock appealed the Determination to the Division.[15] The Division held a telephonic hearing on February 8, 2022, at which an Appeals Referee ("Referee") considered the appeal *de novo*.[16] During the hearing, DeRock testified that she was on short term disability due to kidney trouble and then was told by her doctor that, because of COVID, it was too dangerous for her to return to work

---

[8] Notice of Board Decision, R. 26.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at R. 100.
[13] Notice of Board Decision, R. 100.
[14] *Id.*
[15] Notice of Referee's Appeal, R. 96.
[16] *See* Referee's Hr'g Tr., R. 57–93.

3

until she was vaccinated, which prompted her to apply for unemployment benefits.[17] DeRock said she received her first COVID vaccine in August or September 2021, and her second vaccine four to six weeks later.[18] She then spoke to her doctor, who advised her that the COVID virus was ramping up again.[19]

DeRock explained that she then asked Dollar Tree for a position where she could sit down most of the time.[20] Dollar Tree told her that was not possible, but encouraged her to reach out when she was able to come back to work without restrictions.[21] DeRock testified that she was looking for work, but only at-home positions where she could sit down in anticipation of having knee surgery.[22]

Following the hearing, the Referee upheld the Determination finding DeRock ineligible for unemployment benefits.[23] The Referee determined that DeRock was not able and available to work because she had not been released by her doctor to return to work without restrictions.[24] DeRock, therefore, did not meet the "able and available to work" eligibility requirement under 19 *Del. C.* § 3315(3).

---

[17] *Id.* at R. 67 at 11:14–24, R. 70 at 14:13–20. A doctor's note was provided stating the same. *See* Claimant's Ex. 1, R. 56.
[18] Referee's Hr'g Tr., R. 74 at 18:10–24.
[19] *Id.* at R. 75 at 19:11–19.
[20] *Id.* at R. 75–76 at 19:19–20:4.
[21] *Id.* at R. 80 at 24:8–16.
[22] *Id.* at R. 77–78 at 22:21–23:7.
[23] Notice of Referee's Decision, R. 52–54.
[24] *Id.* at R. 53.

## III. The Board's Decision

On February 21, 2022, DeRock appealed the Referee's decision to the Board.[25] The Board held a review hearing on March 30, 2022.[26] During the hearing, DeRock stated that during COVID, unemployment offices were backlogged so trying to communicate was very difficult.[27] She noted that she did not start receiving benefits until after contacting the Office of the Governor and her local representative for help.[28] DeRock further clarified that she had requested light duty from Dollar Tree and her doctor had not approved her for work with the public until November 2021.[29]

On April 22, 2022, the Board affirmed the Referee's decision.[30] The Board concluded that because DeRock was unable to work for health reasons, she was not able and available to work and therefore ineligible for unemployment benefits.[31] DeRock timely appealed the Board's decision to this Court.[32]

---

[25] Notice of Board Appeal, R. 48.
[26] *See* Board Hr'g Tr., R. 32–44.
[27] *Id.* at R. 37–38 at 6:22–7:17.
[28] *Id.*
[29] *Id.* at R. 38–39 at 7:20–8:12.
[30] *See* Notice of Board Decision, R. 26–28.
[31] *Id.* at R. 27–28.
[32] *See* DeRock's Notice of Appeal, R. 3.

## STANDARD OF REVIEW

The Superior Court plays a limited role when reviewing a decision on appeal from the Board. Factual findings, "if supported by evidence . . . shall be conclusive and the Court shall be confined to questions of law."[33] The Court is limited to an evaluation of the record "to determine only and whether or not there was substantial evidence to support the findings of the Board."[34] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[35]

Conclusions of law are reviewed *de novo*.[36] The Court will review the Board's discretionary rulings for abuse of discretion.[37] Only if the Board "acts arbitrarily or capriciously, or exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice" will the Court overturn the ruling.[38]

## ANALYSIS

DeRock asserts the following grounds as the bases for her appeal: (1) the Division previously deemed her eligible for benefits; (2) the Division is illegally

---

[33] 19 *Del. C.* § 3323(a).
[34] *Gen. Motors Corp. v. Freeman*, 164 A.2d 686, 689 (Del. 1960).
[35] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[36] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007).
[37] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[38] *Oceanport Indus.*, 636 A.2d at 899 (citing *Olney*, 425 A.2d at 614).

charging her for overpayment of benefits; (3) the determination of her ineligibility comes as retribution for contacting the Office of the Governor; and (4) the appeal process has been based on inaccurate information.[39]

There is no evidence in the Record of retaliation against DeRock for contacting elected officials. Given that this claim is unsubstantiated, the Court will only address grounds (1), (2), and (4).

## I. The Court will not consider facts raised for the first time on appeal.

DeRock argues the Board's decision "was not supported by substantial evidence, nor based on a correct and complete understanding of the facts."[40] She claims the Division did not provide the Board with a correct and complete record of the facts, and implores the Court to consider various emails and a news article not included in the record before the Board.[41] But the Superior Court is limited to a consideration of the record which was before the administrative agency.[42] "Thus a claimant, appealing the decision of the Board, may not supplement the record with facts not previously raised."[43] The Court cannot now consider new emails or articles that were not before the Board in reviewing the Board's decision.

---

[39] *Id.*

[40] Appellant's Opening Br. at 6.

[41] Appellant's Reply Br. at 1–2.

[42] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).

[43] *Bossert v. Div. of Unemployment Ins.*, 2022 WL 17249305, at *3 (Del. Super. Nov. 22, 2022) (citing *Torres v. MOT Charter Sch.*, 2022 WL 1584508, at *2 (Del. Super. May 19, 2022)).

## II. The Board did not abuse its discretion in finding DeRock ineligible for unemployment benefits and demanding repayment.

### 1. DeRock's appeal is based on a misunderstanding of the "able and available" requirement.

A claimant for unemployment benefits must be able, available, and actively seeking work.[44] DeRock argues that she was ready and available to work but could not through no fault of her own.[45] Had Dollar Tree made accommodations for her to work away from the public and thereby not risk exposure to COVID, DeRock argues she would have remained employed.[46]

But DeRock misreads the "able and available" to work requirement. A claimant is not "able and available" if she is cleared to work with restrictions an employer cannot accommodate.[47] Unemployment insurance is not health insurance or disability insurance, and its benefits are not available to those unable or unavailable to work due to medical conditions.[48] Dollar Tree was unable to accommodate DeRock's need to work away from the public and she was not cleared

---

[44] 19 *Del. C.* § 3315(3).
[45] Appellant's Opening Br. at 8.
[46] *Id.*
[47] *Garrett v. Unemployment Ins. Appeal Bd.*, 2017 WL 2705382, at *2 (Del. Super. June 22, 2017).
[48] *Id.*

to work with the public until November 2021.[49]  So DeRock was not "able and available" within the meaning of 19 *Del. C.* § 3315(3).

There is, or was, a separate pandemic-related employee benefit for claimants unable or unavailable to work for a list of specific pandemic-related reasons called Pandemic Unemployment Assistance ("PUA").[50]  The Board previously advised DeRock that she may or may not be eligible for PUA benefits when it deemed her ineligible for unemployment benefits.[51]  That is not to say DeRock is guaranteed PUA benefits, as PUA has its own eligibility requirements to be determined at the time of filing.[52]

### 2. The Board is entitled to repayment.

DeRock argues that, even if she is ineligible for unemployment benefits, the Division "is [illegally] seeking to recoup the benefits for an error for which the Division is solely responsible."[53]  But under 19 *Del. C.* § 3325(a), if it is finally determined that an individual received benefits for which they were not entitled, the

---

[49] Whether Dollar Tree had a duty to make "reasonable accommodations" given DeRock's medical condition is not an issue in this appeal and the Court, therefore, does not consider it.  *See generally* 42 U.S.C. § 12112; 19 *Del. C.* § 723.

[50] *See Pandemic Unemployment Assistance*, Delaware Department of Labor, https://labor.delaware.gov/divisions/unemployment -insurance/unemployment-benefits-faqs/pua-rights (last visited May 12, 2023).

[51] *See* Notice of Board Decision, R. 28 at n.5.

[52] For more information on PUA benefits *see Pandemic Unemployment Assistance*, Delaware Department of Labor, https://labor.delaware.gov/divisions/unemployment -insurance/unemployment-benefits-faqs/pua-rights (last visited May 12, 2023).

[53] Appellant's Opening Br. at 8.

individual shall repay that amount.[54]  "The individual is liable regardless of whether the overpayment was received through fraud or *mistake*, or whether the individual was legally awarded the payment of benefits at the time but on appeal was subsequently found not to be entitled thereto."[55]  The Division is entitled to recoupment even if the recipient was unaware that payments might later be determined to have been made in error.

## CONCLUSION

The Court finds there is substantial evidence to support the Board's finding that DeRock was ineligible to receive unemployment benefits, effective the week ending April 11, 2020.  Although DeRock argues otherwise, the Board's decision is well-supported by the Delaware Code and the Record.  For the foregoing reasons, the decision of the Board is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

---

[54] 19 *Del. C.* § 3325(a).

[55] *Id.* (emphasis added).

10